**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERNEST JAMAL NELSON,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 1:07-1325** |
| v. | : | **(CONNER, D.J.)** |
| | | **(MANNION, M.J.)** |
| **SUPERINTENDENT OF SCI-HUNTINGDON and ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA,** | : : : | |
| **Respondents** | : | |

## REPORT AND RECOMMENDATION

On July 23, 2007, the petitioner, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, in which he challenges his conviction in Allegheny County. (Doc. No. 1). In addition, the petitioner filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2).

Upon review, this action should be transferred to the United States District Court for the Western District of Pennsylvania. In 1966, 28 U.S.C. §2241(d) was amended to provide that when an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court which contains two or more federal judicial districts, the application may be filed in either the district court for the district wherein such person is in custody, or in the district court for the district within which the state court was located which convicted and sentenced the petitioner.

Each of the district courts shall have concurrent jurisdiction to entertain the application. That section further provides, however, that the district court for the district wherein such an application is filed, in the exercise of its discretion and in the furtherance of justice, may transfer the application to the other district court for hearing and determination.

Since the amendment of that section, it has been the agreed practice of the United States District Courts for the Eastern, Middle and Western Districts of Pennsylvania, to transfer any habeas petitions filed by a petitioner incarcerated in their respective districts to the district which includes the county where the conviction was had. In the instant action, the Allegheny County Court would have the records for the conviction complained of in this action; the witnesses, if any, would be located there; and counsel, who would be familiar with those records, could more readily and conveniently respond to any order to show cause issued by the Western District of Pennsylvania.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

**(1)** the instant action be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §2241(d); and

**(2)** any decision on the petitioner's motion for leave to proceed *in forma pauperis*, (Doc. No. 2), be reserved for the Western District court.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**


**Date:** September 5, 2007

O:\shared\REPORTS\2007 Reports\07-1325.01.wpd